*847 OPINION
By the Court,
Young, J.:
Appellant Stanley Wayne Brown (“Brown”) was convicted by a jury of two counts of sexual assault and one count of attempted sexual assault. By amended judgment, he was sentenced to two consecutive life terms on the sexual assault counts and a ten-year term on the attempt count. Brown appealed to this court and we issued an order of remand on September 6, 1988, vacating Brown’s judgment of conviction and directing the district court to conduct a hearing pursuant to Miller v. State, 105 Nev. 497, 779 P.2d 87 (1989).[1] After holding the Miller hearing, the district court reinstated the jury verdict, an option afforded by our order of remand. We later affirmed the district court’s reinstatement of the amended judgment. Brown v. State, 107 Nev. 164, 807 P.2d 1379 (1991).
Following our decision, Brown filed a petition for post-conviction relief with the district court, arguing that he had been denied effective assistance of counsel. Specifically, he argued that his trial counsel had failed to call all available witnesses, failed to cross-examine the complaining witness, failed to adequately prepare for sentencing, and failed to present mitigating evidence that was readily available.
The district court held a post-conviction relief hearing on the issue of ineffective assistance of counsel during which Brown’s trial counsel testified. During the hearing, Brown attempted to present as an expert Fred Atcheson (“Atcheson”), an attorney with approximately sixteen years of experience as a criminal defense counsel. Atcheson was to testify regarding prevailing professional norms for criminal defense attorneys. However, the *848 district court did not allow Atcheson to testify on the grounds that Atcheson had not been present during the entire trial and had not observed the witnesses. The district court later entered its order denying Brown’s petition for post-conviction relief.
Brown now offers the following arguments on appeal: (1) he was denied effective assistance of counsel at trial because counsel failed to cross-examine the complaining witness; (2) he was denied effective assistance of counsel at sentencing because counsel failed to request that Brown’s sentences run concurrently and because counsel failed to present mitigating evidence on behalf of Brown; and (3) the district court erred in refusing to allow testimony from Atcheson.
We now conclude that Brown was denied effective assistance of counsel at both the trial phase and the sentencing phase. However, we conclude that the district court did not err when it excluded testimony from Atcheson. We will address each issue in turn.
Claims of ineffective assistance of counsel are analyzed in accordance with standards set down by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by this court in Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), cert. denied, 471 U.S. 1004 (1985). The Strickland standards require Brown to show that his counsel’s assistance was deficient in that it fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. In addition, Brown must show that there is a reasonable probability that, but for his counsel’s errors, the result of the trial would have been different. Id. at 694.
During trial, Brown’s counsel did not cross-examine the victim. Counsel testified at the post-conviction hearing that his theory of the case was that the victim was lying about the incidents in order to get attention. Counsel intended to put on witnesses who would testify that the victim had lied to them about having been sexually assaulted by other people and about being pregnant and having a child. Since this testimony would or might have informed the jury of the victim’s sexual history, the district court allowed six witnesses to testify only that the victim was dishonest, but did not allow them to testify regarding the victim’s specific stories. Counsel did not call the victim during his case in chief, but did call her during surrebuttal in order to question her regarding matters testified to on direct examination during the prosecution’s case in chief. However, counsel’s questioning of the victim during surrebuttal was necessarily limited by the fact that he could not question her on anything not brought up on rebuttal.
*849 Brown now asserts that his counsel’s decision not to cross-examine the victim was due to a misapprehension of proper trial procedure. We agree. The record indicates that counsel’s failure to cross-examine the victim at the proper time had little to do with what the State now argues was a “carefully planned out, thoroughly considered defense,” and more to do with ineptitude.
During the post-conviction hearing, counsel testified that he considered it dangerous to attack the victim’s credibility during cross-examination in that doing so would create sympathy for her with the jury. He testified that he knew he had to “do something with her” as a witness at some point and was prepared to question her, but failed to call her during his case in chief. Rather, he questioned her during surrebuttal, believing he could thoroughly address the issue of her credibility at that time.
The first prong of the Strickland test requires a showing that counsel’s performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. Clearly, a lack of understanding of proper trial procedure resulting in counsel’s failure to adequately examine the complaining witness falls below an objective standard of reasonable effectiveness. In addition, counsel incorrectly assumed that the district court would allow him to call witnesses who would testify to the victim’s credibility and alleged falsehoods. This court had not yet decided Miller which would have allowed such testimony.
However, in addition to showing that his counsel’s performance was ineffective, Brown must also show that there is a reasonable probability his counsel’s ineffectiveness prejudiced the outcome of the trial. Strickland, 466 U.S. at 694. In this case, there were no other witnesses to the crimes nor was there any other corroborating physical evidence. Thus, the case centered on the victim’s word against Brown’s. During opening statements and the post-conviction hearing, counsel stated that his strategy was to attack the victim’s credibility. This was impossible without counsel engaging in any cross-examination. Even the dissent does not dispute that it was essential to cross-examine the victim in order to attack her credibility. However much it may “infuriate the jury,” a properly zealous advocate must do all he can to defend his client. As one eminent defender wrote, “[cjross examination is the only scalpel that can enter the hidden recesses of a man’s mind and root out a fraudulent resolve. . . . [It] is still the best means of coping with deception, of dragging the truth out of a reluctant witness, and assuring the triumph of justice over venality.” Louis Nizer, My Life in Court 366 (1961). One is reminded of the biblical story of Susanna and the elders. When Susanna refused the overtures of the elders, she was falsely *850 accused by them of adultery and sentenced to death. It was only upon cross-examination by Daniel that the elders were shown to be lying. As Daniel proved in exposing and denouncing the elders who bore false witness against Susanna, cross-examination is one of the most powerful tools of the defender, one that must never be neglected when it would achieve the necessary result.
In the instant case, counsel failed to cross-examine the victim at all. In essence, Brown never had the opportunity to confront his accuser. “Without confrontation and cross-examination, a man accused of a crime is at the mercy . . ., as illustrated in the story of Susanna, of perjured testimony.” Edward Bennett Williams, One Man’s Freedom 195 (1962). Had counsel confronted and cross-examined the victim, he may have infuriated the jury, but he also may have rooted out any fraudulent resolve within the victim. We can only conclude that counsel’s failure to zealously cross-examine the victim rendered the results of the case unreliable. Strickland, 466 U.S. at 694.
Accordingly, we hold that the district court erred in denying Brown’s post-conviction petition on the basis that counsel was ineffective during the trial phase.
Brown argues that his counsel was ineffective at the sentencing phase because counsel failed to request that Brown’s sentences run concurrently, a statutory possibility that was available to Brown. In addition, Brown argues that counsel failed to call any witnesses to present mitigating testimony or set forth any evidence of mitigating circumstances in a meaningful way.
In its presentence investigation report, the Department of Parole and Probation recommended two consecutive life sentences with the possibility of parole for the two sexual assault counts and a concurrent ten-year sentence for the attempted sexual assault count. During the sentencing hearing, the State recommended two fifty-year terms for the two sexual assault counts and a twenty-year term for the attempt count, with all sentences running consecutively. Brown’s counsel agreed with the Department of Parole and Probation’s recommended sentences, stating that it was “just and actually a good recommendation.”
During the post-conviction hearing, Brown’s counsel testified that he was unaware that the sentences could run concurrently. Indeed, the record also indicates that counsel was not even aware of what the minimum sentences were for these offenses. Clearly, this lack of knowledge of sentencing possibilities was ineffective on the part of counsel. It is possible that the court would have handed down the same sentence even if counsel had requested concurrent or lesser sentences in view of the fact that the court ultimately adopted the sentences recommended by the Depart *851 ment of Parole and Probation. However, the possibility also exists that the court would have ordered lesser sentences or that the sentences run concurrently had counsel properly requested this. Therefore, we cannot conclude that the outcome of the sentencing hearing would have been the same but for counsel’s failings.
In addition to failing to request that Brown’s sentences run concurrently, counsel neither presented any witnesses to testify on Brown’s behalf nor did he present any evidence of mitigating circumstances in an effective manner. In his statements made at the sentencing hearing, counsel made some mention of Brown having come from a “bad environment” which led to his actions. However, counsel did not address any specific aspects of that environment nor any of the incidents in Brown’s past indicated in the record which could have painted a more sympathetic picture of Brown.
Counsel also failed to call any witnesses on Brown’s behalf during the sentencing hearing. Counsel testified at the post-conviction hearing that he felt there was a possibility that the judge would hand down a harsher sentence if he had “presented a circus” by calling witnesses. Strickland establishes a strong presumption that counsel’s decisions were “sound trial strategy.” Strickland, 466 U.S. at 689. However, when a judge has sentencing discretion, as in the instant case, possession of the fullest information possible regarding the defendant’s life and characteristics is essential to the selection of the proper sentence. Wilson v. State, 105 Nev. 110, 115, 771 P.2d 583, 586 (1989) (citing Lockett v. Ohio, 438 U.S. 586, 603 (1978)).
In addition, the district court stated that it could not take into account Brown’s environment without any psychiatric testimony. Brown argues that such statements by the district court show that it recognized the need for expert testimony about possible mitigating circumstances in his background.
There is some confusion in the district court’s order denying Brown’s petition for post-conviction relief on this issue. The court stated that “counsel’s decision not to present evidence concerning the credibility of the complaining witness at petitioner’s sentencing was entirely reasonable; that such evidence, had it been presented, would not have resulted in a reduction in petitioner’s sentence in any respect.” However, Brown’s petition did not assert ineffective assistance of counsel on these grounds, but rather that counsel failed to present witnesses to testify as to Brown’s background.
Nevertheless, the fact remains that counsel failed to call any witnesses on Brown’s behalf. In addition, counsel was unaware *852 that he could request that his client’s sentences run concurrently, and thus failed to make such a request. These two failures on the part of counsel not only fall below an objective standard of reasonableness, but they unquestionably prejudiced the outcome of the sentencing hearing.
Accordingly, we hold that the district court erred in denying Brown’s petition for post-conviction relief based on his counsel’s failure to call any witnesses on his client’s behalf or to properly request that Brown’s sentences run concurrently.
During the post-conviction hearing, Brown attempted to present Atcheson as an expert witness based on the fact that Atcheson had approximately sixteen years of experience as a criminal defense attorney. The district court refused to admit Atcheson’s testimony as an expert, stating that Atcheson had not sat through the entire trial and observed the witnesses. Therefore, Atcheson could not render an informed and relevant opinion as to Brown’s counsel’s tactics.
Expert testimony is governed by NRS 50.275 which provides:
If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge.
We have held that the admission of expert testimony lies within the sound discretion of the trial court. Smith v. State, 100 Nev. 570, 688 P.2d 326 (1984). Therefore, the trial court must have abused its discretion in order for us to disturb its holding.
It is not unheard of in this state for an attorney to act as an expert witness at a post-conviction hearing. See Ford v. State, 105 Nev. 850, 784 P.2d 951 (1989). If the attorney’s expert testimony would assist the trier of fact, then it is admissible. However, under NRS 48.035, such expert testimony must also be relevant and not a waste of time. If such testimony would be of no use to the trier of fact, it is within the court’s discretion to exclude it.
In this case, the trial judge was present throughout the entire trial and was able to observe counsel’s performance firsthand. At a post-conviction hearing, the judge is the trier of fact. It was therefore within his discretion to exclude Atcheson’s testimony if he felt it would not assist his fact finding. There appears to have been no abuse of discretion. Accordingly, we hold that the district court did not err in excluding Atcheson’s expert testimony.
In summary, we conclude that the district court erred in denying Brown’s post-conviction petition. Counsel was ineffective to *853 the extent that there is a reasonable probability that the result would have been different but for counsel’s errors. Accordingly, we reverse the district court’s denial of post-conviction relief and remand for proceedings consistent with this opinion.
Rose, C. J., and Steffen, J., concur.

 In Miller, we held that in a sexual assault case, NRS 50.090 does not bar the cross-examination of a complaining witness about prior false accusations; and if the witness denies making such accusations, counsel may introduce extrinsic evidence to prove that the witness made fabricated charges in the past. Miller, 105 Nev. at 501, 779 P.2d at 89.