An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ART SILVA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61498

FILED

APR 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Art Silva's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, Silva contends that the district court erred by not finding that counsel was ineffective at sentencing for failing to (1) present mitigation evidence, (2) correct an alleged error in the presentence investigation report pertaining to his employment history, and (3) "argue against the admission of suspect evidence/argument" and object to prosecutorial misconduct. We disagree.[1]

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo.

---

[1]To the extent Silva contends that the district court abused its discretion by imposing an excessive sentence, we note that this claim should have been raised on direct appeal and falls outside the scope of claims permissible in a post-conviction habeas petition challenging a judgment of conviction based upon a guilty plea. See NRS 34.810(1)(a).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10362

<u>Lader v. Warden</u>, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing, heard testimony from Silva, several witnesses on his behalf, and his former defense counsel, Tammy M. Riggs, and determined that Riggs provided "effective assistance" at sentencing and that Silva "failed to prove prejudice, that is, that the Court would have sentenced Petitioner differently had Ms. Riggs done those things Petitioner alleges she should have." <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985); <u>see also</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984); <u>Kirksey v. State</u>, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996). Although the district court's order denying the petition did not specifically address counsel's failure to object to statements made by the prosecutor at the sentencing hearing, Silva failed to demonstrate prejudice because this court determined in resolving his direct appeal that he was not entitled to relief based on prosecutorial misconduct. <u>See</u> <u>Silva v. State</u>, Docket No. 53680 (Order of Affirmance, August 25, 2009). We conclude that the district court did not err by rejecting Silva's ineffective-assistance claims.

Second, Silva contends that his right to due process and a fair hearing were violated by the district court's overruling of his objection to Riggs' testimony regarding his counseling records and her tactical decision not to offer them for consideration at the sentencing hearing. According to Riggs, the records indicated, among other things, that Silva had an anger problem. Silva's post-conviction counsel objected to Riggs' testimony on hearsay grounds and informed the district court that she had "never seen these records" or "heard of an anger issue." In overruling the objection, the district court noted that counsel would be allowed to cross-examine Riggs about the counseling records, which she did. On appeal, Silva

claims that evidence pertaining to his counseling records was suspect and should be redacted from the record. We disagree. The discretion to admit testimony at an evidentiary hearing on a post-conviction habeas petition lies with the district court. See generally Brown v. State, 110 Nev. 846, 852, 877 P.2d 1071, 1075 (1994). Here, the subject of the counseling records arose during the State's questioning of Riggs about her tactical decisions in preparing for Silva's sentencing hearing. Silva fails to provide any persuasive argument or legal authority in support of his claim for relief, and we conclude that the district court did not abuse its discretion by allowing Riggs' testimony. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.       _____, J.
Parraguirre                                        Cherry

cc:     Hon. Patrick Flanagan, District Judge
        Karla K. Butko
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[2]We note that although Silva's counsel certified that the fast track statement complies with the requirements of NRAP 32(a)(5) because it was prepared using 14-point Times New Roman font, the font in the brief appears smaller than represented. We remind Silva's counsel that misrepresentations in the certificate of compliance can be a basis for the imposition of sanctions. See NRAP 3C(h)(3), (n); NRAP 28.2; NRAP 32(e).