# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AIRELL JOSHUA THOMAS SAWYER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 67829<br><br>**FILED**<br><br>JUL 28 2016 |

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Airell Sawyer's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Sawyer pleaded guilty to first-degree murder with the use of a deadly weapon and was sentenced to two consecutive prison terms of 20 to 50 years. He later filed a timely postconviction petition for a writ of habeas corpus challenging trial counsel's effectiveness and the validity of his plea. The district court conducted multiple evidentiary hearings and denied the petition. Sawyer contends that the district court erred.

Before addressing the district court's resolution of Sawyer's petition, we first address his contention that the district court abused its discretion by precluding certain witness from testifying below and by otherwise limiting the presentation of his case. In postconviction proceedings, the district court is the trier of fact and has discretion to exclude testimony that it believes will not assist its fact-finding. *Brown v. State*, 110 Nev. 846, 852, 877 P.2d 1071, 1075 (1994). Moreover, "[t]he judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence . . . [t]o make the interrogation and presentation effective for the ascertainment of the truth . . . [and] [t]o avoid needless consumption of time." NRS 50.115 (a), (b).

16-23584

We discern no abuse of discretion. Sawyer's petition had been pending for more than five years when the district court entered its order. The district court had already conducted numerous evidentiary hearings and heard testimony from many witnesses and Sawyer indicated that he planned to call at least a dozen more. The district court was understandably concerned. Our review of the record indicates that the restrictions placed upon Sawyer were appropriate to ensure that the postconviction proceedings were brought to a timely and just resolution. *See generally Trujillo v. State*, 129 Nev., Adv. Op. 75, 310 P.3d 594, 601 (2013) (observing that "[w]e have long emphasized the importance of the finality of judgments"). And given the nature of the claims raised, the district court's factual findings, and the legal conclusions referenced herein, Sawyer fails to establish that the witnesses who were excluded would have changed the outcome of the proceedings.[1]

*Validity of the plea*

Sawyer contends that the district court erred by denying his claim that his guilty plea was involuntary because he was suffering from

---

[1]Postconviction counsel also contends that the district court demonstrated bias against her and Sawyer. Although she lists several instances where the district court purportedly demonstrated such bias, her citation supporting this assertion merely refers to Sawyer's petition for a writ of mandamus, which was denied, rather than the portions of the record where these actions allegedly occurred. This is inappropriate. *See* NRAP 28(e)(1) ("Every assertion in briefs regarding matters in the record shall be supported by a reference to the page and volume number, if any, of the appendix where the matter relied on is to be found."). Moreover, the claim is not supported by cogent argument or legal authority. We therefore decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

conditions such as "traumatic bonding," which caused him to be susceptible to the coercive influence[2] of the man who, he asserts, is the real killer, and because he entered the guilty plea while taking psychotropic medication.[3]

A guilty plea is presumptively valid, and "[t]his court will not invalidate a plea as long as the totality of the circumstances, as shown by the record, demonstrates that the plea was knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea." *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000). "A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." *Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1126 (2001), *overruled on other grounds by Stevenson v. State*, 131 Nev., Adv. Op. 61, 354 P.3d 1277 (2015). We review a district court's determination regarding the validity of a plea for a clear abuse of discretion. *McConnell v. State*, 125 Nev. 243, 250, 212 P.3d 307, 312 (2009).

We conclude that the district court did not abuse its discretion. Although Sawyer presented testimony from an expert who opined that

---

[2]Sawyer does not cite to any medical journals or legal authority recognizing "traumatic bonding" or supporting the notion that traumatic bonding could invalidate an otherwise valid plea.

[3]To the extent Sawyer contends that he was found "incompetent" to plead guilty, we reject his contention because Sawyer's expert stated at the evidentiary hearing that Sawyer was competent, which was consistent with the conclusions reached by those who evaluated Sawyer before he entered his plea.

Sawyer's plea was involuntary, the expert admitted that his opinion was not based on a legal standard or a standard recognized in his profession and was instead based, in large part, on his opinion that Sawyer was innocent. *See generally Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 226 (1984) ("The question of an accused's guilt or innocence is generally not at issue in a motion to withdraw a guilty plea."). The district court rejected this testimony and its decision to do so is supported by the record. The district court found that Sawyer's testimony at the evidentiary hearings, his statements at the guilty plea canvass, the language of the guilty plea memorandum, counsel's testimony, and other evidence in the record demonstrated that his plea was validly entered. *Crawford*, 117 Nev. at 722, 30 P.3d at 1126. We agree and conclude that no relief is warranted on this claim.

*Ineffective-assistance claims*

To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Sawyer raised numerous ineffective-assistance-of-counsel claims. First, he contended that counsel was ineffective for failing to retain a psychiatrist. He claimed that, had counsel hired a psychiatrist, counsel would have learned that his personality, mental disorders, upbringing, and drug use, made him susceptible to influence from the real killer and caused him to confess to a crime he did not commit. Second, he contended that counsel was ineffective for failing to investigate. He claimed that, had counsel investigated, counsel would have uncovered witnesses who heard the real killer confess and brag about manipulating Sawyer into taking the fall. Third, he contended that counsel was ineffective for permitting him to plead guilty to first-degree murder with the use of a deadly weapon because the evidence suggested that the victim was dead at the time the knife was used.[4]

Trial counsel testified that, before Sawyer pleaded guilty, he had contacted an investigator, an expert in false confessions, and a

___

[4]On appeal, Sawyer contends that counsel was ineffective for permitting him to plead guilty to using a deadly weapon on the ground that the deadly weapon enhancement "was a jury question under *Dunkhurst v. State*, 102 Nev. 732 (Nev., 1986)." *Dunkhurst* is an unreported summary dismissal of an appeal and does not stand for this proposition. Moreover, Sawyer argued below that counsel was ineffective for telling him that he "wouldn't get the weapons enhancement dropped." The claim raised on appeal is not the same as that raised below and therefore we decline to consider it. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 103 P.3d 25 (2004). For the same reason, we decline to consider Sawyer's claims that trial counsel was ineffective for failing to (1) "contact the authorities," (2) move to withdraw his guilty plea, (3) and ensure that he was separately canvassed that the State had to prove he used a deadly weapon. *Id.*

SUPREME COURT
OF
NEVADA

(O) 1947A

forensic pathologist, and he filed a motion challenging the validity of the deadly weapon enhancement. According to counsel, he was prepared to follow through with these actions but Sawyer insisted upon pleading guilty before the State's offer expired. *See McConnell v. State*, 125 Nev. 243, 253, 212 P.3d 307, 314 (2009) ("Although counsel certainly owes a duty to advise his client whether to plead guilty, counsel does not have the authority to override a defendant's decision to plead guilty. That decision is reserved to the client."). The district court found counsel's testimony, which was supported by evidence in the record, to be credible. In contrast, the district court found that Sawyer was not a credible witness given his multiple versions of the murder, contradictory statements throughout the proceedings, and acknowledgement that he had lied to the court. Sawyer asserts that this court should overturn the district court's credibility determinations because he presented evidence, in the form of phone calls and letters to his friends and family that he wanted to go to trial but counsel was encouraging him to plead guilty. The district court considered this evidence and found that it was not compelling. We agree. The district court's credibility determinations are supported by the record and are not clearly erroneous. *See State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006) ("We emphasize that the district court is in the best position to adjudge the credibility of the witnesses and the evidence, and unless this court is left with the definite and firm conviction that a mistake has been committed, this court will not second-guess the trier of fact." (internal quotation marks omitted)). Accordingly, we conclude that Sawyer failed to demonstrate that counsel was deficient. Moreover, we conclude that Sawyer failed to demonstrate that, had counsel performed

 

differently, there is a reasonable probability that he would not have pleaded guilty and would have insisted upon a trial.[5] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:  Hon. Elliott A. Sattler, District Judge
Mary Lou Wilson
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

_____

[5]Sawyer also contended that counsel's errors, considered cumulatively, warrant relief. Because we have discerned no error, there are no errors to cumulate.